IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FORREST M. RICHARDSON,

    Petitioner,

  v.

DR. REYES, et al.,

    Respondent.
_____/

No. C 12-00310 RS (PR)

**ORDER DISMISSING COMPLAINT IN PART, WITH LEAVE TO AMEND**

A. Introduction

This is a federal civil rights case filed pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985 by a represented state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. §1915A(a).

B. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. §1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

A "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim under 42 U.S.C. §1985(2), a plaintiff must show that two or more people acted to obstruct justice in the federal courts or to intimidate a party, witness or juror in connection therewith. *See Kush v. Rutledge*, 460 U.S. 719 (1983). Under 42 U.S.C. §1985(3), a cause of action requires (1) a showing of racial or class-based discrimination, and (2) that the conspiracy was aimed at interfering with rights that are protected against both private and official encroachment. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). The Ninth Circuit has held that federal courts should exercise restraint in extending § 1985(3) beyond racial prejudice. *See Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002).

C. Legal Claims

Plaintiff alleges that defendants, correctional officers and medical staff of San Quentin State Prison, intentionally deprived him of his medications and necessary medical treatment in retaliation for his filing of a civil action in the United States District Court for the Eastern District of California. Plaintiff avers that he was wrongfully assessed a "115" citation that

alleged plaintiff had been in possession of a controlled substance and drug paraphernalia. As a result of this citation, plaintiff claims he was deprived of his medications and prohibited from going to medical staff for any reason. Due to this alleged deprivation, plaintiff has experienced pain, trouble breathing, severe colitis, and serious difficulties with eating and drinking. Plaintiff states defendants acted with knowledge of, or deliberate indifference to, his medical needs and that they acted under color of law. Plaintiff further avers he has exhausted his administrative remedies. These facts, are more than mere legal conclusions. Taken as true, these facts are sufficient to establish a plausible claim for which relief may be granted. Thus, Claims One and Two based on violations of 42 U.S.C. §1983 may proceed.

Plaintiff further alleges that defendants conspired to obstruct justice and deprive him of equal protection of the law under 42 U.S.C. §1985(2). Plaintiff asserts few facts, however, to support the conclusion that defendants were acting in retaliation to his filing of another civil action. Rather, plaintiff simply makes this bald conclusion. Thus, plaintiff's third claim for relief must be dismissed with leave to amend.

Finally, plaintiff alleges that defendants acted to deprive him of his rights and privileges under 42 U.S.C. §1985(3). Nevertheless, plaintiff fails to allege that the deprivation was motivated by race. Rather, he appears to claim the discrimination was based on his filing of another civil action, which does not implicate a protected class. Because the Ninth Circuit has warned against extending §1985(3) beyond racial prejudice, *see Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002), plaintiff's fourth claim for relief must be dismissed with leave to amend.

D. Conclusion

For the foregoing reasons, Claims Three and Four are dismissed with leave to amend. Claims One and Two state a plausible claim for relief and may proceed.

IT IS SO ORDERED.

Dated: 1/14/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE