UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FORREST M. RICHARDSON,

    Plaintiff,

v.

DENISE REYES, et al.,

    Defendants.

Case No. 12-cv-00310-JST

**ORDER SCREENING COMPLAINT AND SETTING DEADLINE FOR DEFENDANTS TO FILE A RESPONSIVE PLEADING**

Re: ECF No. 17

## I. INTRODUCTION

Plaintiff, a represented California prisoner, has filed an amended complaint against Defendants California Correctional Officer C. Morales, Correctional Officer T. Moreno, Correctional Officer D. Ogle, Correctional Lieutenant Young, Correctional Lieutenant Graham, Correctional Officers John Does 1 through 20, and Dr. Denise Reyes. ECF No. 16. Defendants have requested that the Court screen the complaint pursuant to 28 U.S.C. § 1915A. ECF No. 17.

## II. BACKGROUND

### A. Legal Standard

"[I]n a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," a federal court shall conduct a preliminary screening to identify any cognizable claims and dismiss the complaint or any portion of portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v.

1  Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). A "complaint must contain sufficient factual
2  matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
3  556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A
4  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
5  the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting
6  Twombly, 550 U.S. at 556).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To state a claim under 42 U.S.C. §1985(2), a plaintiff must show either that (1) two or more people conspired to obstruct justice in the federal courts or that (2) that two or more people conspire to obstruct justice in the state courts, motivated by an intent to deprive their victims of the equal protection of the laws. See Kush v. Rutledge, 460 U.S. 719, 724-25 (1983).

## B. Procedural History

In Counts One and Two of his initial complaint, Plaintiff brought causes of action pursuant to 42 U.S.C. § 1983, alleging Defendants had violated his civil rights by depriving him of medical care and retaliating against him for filing another lawsuit. ECF No. 1. In Count Three, he alleged that defendants conspired to obstruct justice in violation of 42 U.S.C. § 1985(2), and in Count Four, he alleged that defendants conspired to deprive him of his rights and privileges in violation of 28 U.S.C. § 1985(3). Id. In response to Defendants' request to screen, the Court previously found that Plaintiff had alleged sufficient facts to support Counts One and Two. ECF No. 15. However, the Court dismissed Counts Three and Four without prejudice. Id. The Court found that Plaintiff had asserted insufficient facts to support his Section 1985(2) claim, and that since he did not allege that he was discriminated against on the basis of his race, he could not bring a claim for a violation of Section 1985(3). Id.

Plaintiff has now filed an amended complaint which re-asserts Counts One, Two and Three from his original complaint, but which does not attempt to reassert Plaintiff's § 1983(3) claim. ECF Nos. 16. Defendants have again asked that the Court screen the Complaint pursuant to

Section 1915A, and have also notified the Court that they have waived their right of reply pursuant to 28 U.S.C. § 1997e(g). ECF No. 17.

**III. DISCUSSION**

The Court sees no grounds to conclude that the amended complaint is "frivolous" or "malicious," or that it "seek[s] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(2). Defendant's motion does not suggest that such grounds may exist.

Defendants do suggest that the amended complaint, or at least Count Three, may "fail to state a claim," since the complaint does not allege sufficient facts to infer that the defendants conspired together. On the basis of the currently submitted materials, the Court does not find that the alleged facts are insufficient to raise a plausible inference that defendants conspired to deprive Plaintiff of medical care. The Court notes, however, that defendants are entitled to make a motion to dismiss for failure to state a claim even after the Court finds that the complaint should not dismissed at the screening stage. See Kunamneni v. Gutierrez, 2009 WL 909831, at *2 (N.D. Cal. Apr. 2, 2009) ("the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring") (quoting Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007)).

At least when considering a represented plaintiff who is not filing *in forma pauperis* and has already served the defendants, this Court, like others, finds that it will be in a better position to determine whether a complaint fails to state a claim after having the benefit of briefing. See Godoy v. Horel, 2010 WL 144366, at *2 (N.D. Cal. Jan. 11, 2010) ("because plaintiffs are represented by counsel, because the complaint was filed as a purported class action, and because defendants' request for a screening order more closely resembles a motion to dismiss, the court finds it preferable for plaintiffs to respond to defendants' arguments" rather than act on an *ex parte* 1915A screening request); Pinder v. Friel, 2006 WL 2819599, at *1 (D. Utah Sept. 28, 2006) (since "Defendants have been served, both sides are represented by counsel, and Defendants have filed the instant Motion to Dismiss . . . the appropriate procedural vehicle for resolution of this matter is not under the screening statute, but based upon Defendants' [12(b)(6)] Motion"); see also Williams v. Hopkins, 983 F. Supp. 891, 893, n. 1 (D. Neb. 1997) aff'd, 130 F.3d 333 (8th Cir.

1997) (dismissing a complaint for failure to state a claim pursuant to Section 1915A, but only after inviting and receiving briefing on both sides).

The Court notes that the policy rationale for screening dissipates where the litigant is not filing *in forma pauperis*, where the complaint has already been served on defendants, and where the Court is applying the same standard for dismissal that it would, and likely will, apply in later motion practice. This is to say nothing of the incongruous nature of defendants "requesting" that the Court take what is generally regarded as a *sua sponte* action, since *sua sponte* means "[w]ithout prompting or suggestion." Black's Law Dictionary, at 1560, col. 1 (9th ed. 2009). The very concept has been rejected in other districts. See Rincon v. Cate, 2011 WL 1642615, at *1-2 (S.D. Cal. Apr. 29, 2011) ("nothing in . . . § 1915A permits Defendants to request the Court do anything *sua sponte*"); Freeman v. Lee, 30 F. Supp. 2d 52, 56 (D.D.C. 1998) ("a mere reading of 28 U.S.C. § 1915A dispels any notion that it provides a basis for governmental defendants to seek a dismissal or to otherwise play a role in the screening process").

## IV. CONCLUSION

The Court has screened the amended complaint and does not at this time dismiss it or any portion of it.

The Court notes that Defendants have requested sixty days to file a responsive pleading. The request is GRANTED. Defendants shall file a responsive pleading within 60 days of the date this Order is filed.

**IT IS SO ORDERED**.

Dated: June 3, 2013

JON S. TIGAR
United States District Judge

4