UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST M. RICHARDSON,<br><br>                Plaintiff,<br><br>        v.<br><br>DENISE REYES, et al.,<br><br>                Defendants. | Case No.  12-cv-00310-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 33. |

Defendants Denise Reyes, C. Morales, T. Moreno, D. Ogle, Lt. Young and Lt. Graham have moved to dismiss Plaintiff Forrest Richardson's First Amended Complaint ("FAC"), ECF No. 16, in which Plaintiff brings causes of action under 42 U.S.C. §§ 1983 & 1985(2).  Notice of Motion and Motion to Dismiss First Amended Complaint ("Motion"), ECF No. 33.

## I.      BACKGROUND

### A.      Factual History

On a motion to dismiss, the Court assumes the truth of the well-pled allegations from the plaintiff complaint, and considers certain other information subject to judicial notice.[1]  Plaintiff Forrest Richardson is a state prisoner.  FAC, ¶ 10.  Defendants Graham, Moreno, Ogle, and Young are correctional officials employed at San Quentin State Prison.  Id., ¶ 5.  Defendant Reyes is a physician employed at San Quentin.  Id., ¶ 6.

---

[1] "A court may . . . consider . . . matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Defendants have requested that the Court take judicial notice of public records relating to Plaintiff's inmate appeal, and records from the Sacramento Action.  ECF Nos. 33-1 & 36.  Plaintiff does not object to the request.  Because the information in these documents is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2), the Court GRANTS the requests.  In taking judicial notice of records from another court, the Court does not take notice of any disputed facts therein.  See Lee v. County of Los Angeles, 250 F.3d 668, 690 (9th Cir. 1990).

United States District Court<br>Northern District of California

United States District Court
Northern District of California

In January 2010, Plaintiff filed a civil action filed in the United States District Court for the Eastern District of California, Forrest M. Richardson v. D.K. Sisto, Warden, et al., No. 2:10-CV-00025-GEB-EFB ("the Sacramento action"), in which he brought claims against correctional officers at California State Prison–Solano, where he previously had been incarcerated. FAC, ¶ 11.  After that court initially screened the complaint, Plaintiff filed an amended complaint. Id.; see also Exh. F to Defendants' Request for Judicial Notice ("RJN"), ECF No. 33-7.  On October 1, 2010 the court held that the amended complaint stated sufficient claims to permit service, and directed that the complaint be served.  Id.  The court records indicate that service was not actually effectuated until January 3, 2011. Exh. G to RJN, ECF No. 36-1.

In July 2010, Defendant Morales issued a Rules Violation Report, or "115," to Plaintiff, for possession of a controlled substance and drug paraphernalia, even though Plaintiff was not in possession of those items and another inmate admitted to possessing them.  Id., ¶ 13.  "Soon thereafter," prison staff took Plaintiff's legal documents from his cell, including documents pertaining to the Sacramento action.  Id.  On November 1, 2010, Defendants Moreno and Ogle issued Plaintiff another 115 which "had no basis in fact or law" for possession of a controlled substance.  Id., ¶ 16.  Four days later, Defendant Reyes informed Plaintiff that his prescribed pain and high blood pressure medications were being "tapered and discontinued" and that he would not be allowed to take them while he was under investigation for alleged possession of a controlled substance.  Id., ¶ 17.  Defendant Graham on November 11 informed Plaintiff that he was prohibited from going to the medical staff for any reason.  Id., ¶ 17.   Defendant Graham and two other officers told Plaintiff that he would be placed in the "the hole" – administrative segregation – if he went anywhere near the medical clinic, even if he was dying.  Id., ¶18.  The next day, in a telephone conference with Plaintiff and Plaintiff's wife, Defendant Young stated that Plaintiff could, in fact, go to the medical clinic for his medical needs, but that he would not be permitted to go to the clinic to get back on his medications, and that he could not approach medical staff about the matter, because his medications had been discontinued.  Id., ¶ 19.  Due to this alleged deprivation, plaintiff has experienced pain, trouble breathing, severe colitis, and serious

difficulties with eating and drinking.  Id., 20.

Plaintiff filed an administrative appeal, known as a "602," on November 15.  Exh. B to RJN, ECF No. 33-3.  In it, he stated that "Dr. Ruiz," acting at the behest of a memo from "Lt. Young," had "cut off [his medication] cold turkey," "even though I have not been found guilty of anything."  Id.  He stated that "[a]ny medical Dr. knows that this is very dangerous to anyone with high Blood press or otherwise."  Id.  In the portion of the form stating "relief requested," Plaintiff wrote: "I want the meds started back where they were  / and that in the future all parties understand that they can not play games with peoples meds for disciplinary reasons."  Id.  On May 6, 2011, prison appeals staff wrote Plaintiff a final resolution of his appeal, saying that "[n]o changes or modifications are required by the institution" and informing him that "[t]his decision exhausts your available administrative remedy within the CDCR."  Exh. E to RJN, ECF No. 33-6.

**B.      Procedural History**

Plaintiff brought this complaint in January 2012, bringing causes of action pursuant to 42 U.S.C. §§ 1983, 1985(2), & 1985(3).  ECF No. 1.  At Defendants' request, the Court screened the complaint pursuant to 28 U.S.C. § 1915A, and dismissed it in part with leave to amend, noting, *inter alia*, that Plaintiff had not alleged sufficient facts to support his claim under 42 U.S.C. § 1985(2).  ECF No. 15.  Plaintiff filed the FAC in January 2013, naming as Defendants Denise Reyes, C. Morales, T. Moreno, D. Ogle, Lt. Young and Lt. Graham, Correctional Officers John Does 1 through 20, and Richard Roes 1 through 50.[2]

Defendants now move to dismiss the complaint first on the grounds that Plaintiff failed to satisfy 42 U.S.C. §1997(e)'s exhaustion requirement, because the complaint fails to state a claim upon which relief can be granted, and because Defendants are entitled to qualified immunity.

---

[2] According to Plaintiff, Defendant "C. Morales . . . has not been served and has apparently left the employ of the California Department of Corrections and Rehabilitation."  Plaintiff's Opposition to Defendants' Motion to Dismiss the First Amended Complaint ("Opp."), ECF No. 34, at 1:19, n.1.  The Court herein uses the term "Defendants" to refer to the remaining named defendants, all of whom have joined this motion.

## C.      Jurisdiction

Since Plaintiff's causes of action arise under 42 U.S.C. §§ 1983 & 1985(2), this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 & 42 U.S.C. § 1988(a).

## II.      ANALYSIS

The Court first addresses Defendants' argument that Plaintiff has failed to exhaust his administrative remedies, and second their argument that the SAC fails to state a claim and that Defendants are entitled to dismissal on qualified immunity grounds.

### A.      Exhaustion

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense that should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment."  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citations omitted).  In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice.  Id. at 1120.

The exhaustion requirement of the PLRA is intended to serve a number of purposes, including providing an opportunity for corrections officials to address complaints internally, deterring frivolous lawsuits, and creating an administrative record allowing courts to evaluate the relative merits of claims.  See Porter v. Nussle, 534 U.S. 516, 525 (2002).  "The primary purpose of a grievance . . . is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  "To provide adequate notice, the prisoner need only provide the level of detail required by the prison's

1    regulations." <u>Sapp v. Kimbrell</u>, 623 F.3d 913. 824 (9th Cir. 2010).[3]

2         In this case, Plaintiff made an administrative appeal, by filing the "602" form.  RJN, Exh.

3    B.  Defendants argue that this is insufficient to exhaust Plaintiff's grievances, for two reasons.

4    First, they argue that the 602 fails to name many of the defendants specifically, naming only a "Dr.

5    Ruiz" rather than Dr. Reyes, and failing to mention any other defendants by name except Lt.

6    Young.  However, as Plaintiff points out in his opposition, "[n]othing in the [PLRA] imposes a

7    'name all defendants' requirement[.]"  <u>Jones v. Bock</u>, 549 U.S. 199, 217 (2007).  "[E]xhaustion is

8    not <i>per se</i> inadequate simply because an individual later sued was not named in the grievances."

9    <u>Id.</u> at 219.  Defendant does not respond to this counterargument on reply.

10        Second, Defendants argue that, even though the 602 raised Plaintiff's complaint regarding

11   prison officials denying him medical care, it did not also state that the <i>reason</i> he was denied

12   medical care was to retaliate against him for filing the Sacramento Action, and also did not

13   specifically allege that prison officials were conspiring to obstruct justice and deny him his rights.

14   In arguing that Plaintiff has therefore failed to exhaust his claims, Defendants rely primarily upon

15   <u>O'Guinn v. Lovelock Corr. Ctr.</u>, 502 F.3d 1056, 1062 (9th Cir. 2007), which they read as holding

16   that "the subject and request for relief set out in the inmate appeal" must be "the same as the

17   subject and relief requested in the complaint."  Motion, 4:12-13.

18        In <u>O'Guinn</u>, a prisoner brought a complaint seeking treatment for mental illness in

19   accordance with Americans with Disabilities Act ("ADA").  There, the Ninth Circuit, reviewing

20   for clear error, upheld the district court's conclusion that  "[a]fter scour[ing] the record for any

21   indicia that plaintiff exhausted available remedies," it could find no "requests for treatment or any

22   other documents that might be construed as complaints seeking mental health treatment in

23   accordance with the [ADA]."  <u>Id.</u>

24

25   _____

26   [3] Plaintiff submits, and Defendants do not dispute, that at the time Plaintiff filed his 602, Title 15,
     section 3084.2 of the California Code of Regulations, which governs what an inmate must provide
27   in a 602, contained no specific standards, and that the form itself requested only that the prisoner
     "describe the problem and the action requested."  Plaintiff submitted records as exhibits to his
28   opposition brief, but did not request that the Court take judicial notice thereof.

United States District Court
Northern District of California

These facts are readily distinguishable. Here, Plaintiff specifically, if perhaps inartfully, complained that medical care was being denied to him for improper reasons. If prison staff were in fact denying Plaintiff care to retaliate against him, his grievance was sufficient to "alert the prison to [the] problem and facilitate its resolution." <u>Griffin</u>, 557 F.3d at 1120. The factual predicate of Plaintiff's causes of action was disclosed in the 602. Defendants cite no case in which a prisoner was required to also specifically state the reasons he thought a deprivation might be occurring in order to exhaust claims that stem directly from the facts in the administrative appeal.

Plaintiff has exhausted his claims under PLRA.

## B.   Failure to State a Claim/Qualified Immunity

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law. <u>See Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a pleading must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. <u>Id.</u> at 556.

Defendants move to dismiss all three of Plaintiff's causes of action against all Defendants.

### 1.   Denial of Medical Care and Deliberate Indifference

In the FAC's first cause of action, Plaintiff alleges that all Defendants, with knowledge or

1    deliberate indifference to Plaintiff's medical needs, denied him necessary and adequate medical

2    care in violation of the Eighth Amendment to the U.S. Constitution.

3         "'Prison officials are deliberately indifferent to a prisoner's serious medical needs when

4    they deny, delay, or intentionally interfere with medical treatment.'" Jackson v. McIntosh, 90

5    F.3d 330, 332 (9th Cir. 1996) (citing Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992)).  A

6    plaintiff must show that the deprivation was objectively "sufficiently serious," Wilson v. Seiter,

7    501 U.S. 294, 298 (1991), and that the prison official acted with deliberate indifference to the

8    prisoner's health, Farmer v. Brennan, 511 U.S. 825, 835–40 (1994).

9                        a.        Defendants Reyes, Graham and Young

10        The FAC alleges that Defendant Reyes deliberately denied Plaintiff medical treatment to

11   retaliate against him for filing the Sacramento Action, and that both Defendants Graham and

12   Young were involved in enforcing his exclusion from care.  This is plausibly inferable from the

13   facts of the complaint.  The Court can also plausibly infer that the deprivation was sufficiently

14   serious and that officials who intentionally denied a prisoner medical care did so with indifference

15   to his health.

16        These defendants' qualified immunity does not require dismissal.  In "[a]ssessing whether

17   an official is entitled to immunity . . . we [first] ask whether, '[t]aken in the light most favorable to

18   the party asserting the injury, do the facts alleged show the officer's conduct violated a

19   constitutional right?" Acosta v. City of Costa Mesa, 718 F.3d 800, 824 (9th Cir. 2013) (quoting

20   Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, "we examine whether the right was clearly

21   established." Acosta, 718 F.3d at 824.  To be clearly established, a right must be sufficiently clear

22   such "that every 'reasonable official would [have understood] that what he is doing violates that

23   right.'" Reichle v. Howards, ___ U.S. ___, 132 S. Ct. 2088, 2093 (2012) (quoting Ashcroft v. al-

24   Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2078 (2011)).

25        It has long been clearly established that prisoners are protected by the Eighth Amendment

26   against prison officials intentionally denying or delaying them access to medical care.  See Estelle

27   v. Gamble, 429 U.S. 97, 104 (1976).  Any reasonable official would be expected to know that

28

United States District Court
Northern District of California

7

1  denying Plaintiff medical care to retaliate against him for filing a lawsuit would violate the

2  prisoner's rights.

3              **b.          Defendants Moreno and Ogle**

4          The FAC's only allegations against Defendants Moreno and Ogle are that they issued a

5  rules violation report against Plaintiff for possession of illegal substances.  There are no facts in

6  the FAC that relate Moreno and Ogle's actions to the denial of Plaintiff's medical care.  Plaintiff

7  defends these claims only in a footnote of his opposition brief, arguing that the complaint alleges

8  that the "other Defendants were each involved in depriving him of medical care by threatening

9  him with further punishment if he sought help."  Opp., at 7:23-24, n.4.  But the complaint alleges

10 no non-conclusory facts upon which the Court could plausibly infer that Defendants Moreno and

11 Ogle had any connection to the denial of Plaintiff's medical care.  The FAC does not state an

12 Eighth Amendment claim against Defendants Moreno and Ogle.

13             **2.         Retaliation**

14         Plaintiff's second cause of action, pursuant to 42 U.S.C. §1983, is that Defendants

15 retailiated against him for filing the Sacramento Action, in violation of the First, Eighth, and

16 Fourteenth Amendments.  A prison inmate may state a claim of retaliation under the First

17 Amendment by alleging that: (1) a state actor took some adverse action against the prisoner; (2)

18 because of; (3) the prisoner's protected conduct; (4) that adverse action chilled the prisoner's

19 exercise of his First Amendment rights; and (5) the action did not advance a legitimate

20 correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005).  The inmate "must

21 allege facts ultimately enabling him to 'prove the elements of retaliatory animus as the cause of

22 injury.'"  Lacey v. Maricopa County, 693 F.3d 896, 917 (9th Cir. 2012) (citing Hartman v. Moore,

23 547 U.S. 250, 260 (2006)).

24         Defendants move to dismiss because the FAC does not explain how Defendants learned

25 that the Sacramento Action had been filed.  Motion, at 10:18-11:2.  In their reply, they particularly

26 emphasize that service in the Sacramento Action was not effectuated until January 2011.  Reply to

27 Opposition to Motion to Dismiss ("Reply"), ECF No. 35, at 5:13-6:27 (citing Exh. G to RJN).

28

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1  Since the alleged retaliatory actions occurred in November 2010, they argue that Plaintiff's

2  allegations that Defendants knew of the lawsuit at the time must be rejected as "fanciful,"

3  "fantastic," or "delusional."  Reply, at 5:26-6:27 (quoting Denton v. Hernandez, 505 U.S. 25, 32-

4  33 (1992)).

5  There are many plausible ways in which correctional officers might have learned that an

6  inmate within their custody was filing or had already filed a lawsuit against fellow correctional

7  officers.  The timing and nature of the alleged retaliatory activities can provide circumstantial

8  evidence of retaliation.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 13116 (9th Cir.

9  1989).  In this case in particular, Plaintiff alleges that San Quentin staff took legal documents from

10  his cell that pertained to the Sacramento action in or around July 2010, and it is more than

11  plausible to infer that officials could have learned about the lawsuit that way.  SAC, ¶ 13.

12  To succeed at trial, plaintiff will need to produce evidence actually tending to show that

13  Defendants had learned of the Sacramento Action at the time they denied him medical care, but on

14  a 12(b)(6) motion, the Court cannot conclude that it is implausible on the facts of the complaint

15  that Defendants could have learned that the lawsuit had been or was about to be filed in November

16  2011.

17  As above, Defendants' qualified immunity does not require dismissal.  Plaintiff's right to

18  pursue litigation without retaliation is clearly established.  See Mt. Healthy City Bd. of Educ. v.

19  Doyle, 429 U.S. 274, 283-84 (1977).  Any reasonable prisoner official would understand that it

20  would violate a prisoner's rights to initiate baseless disciplinary proceedings or deny a prisoner

21  medical care because the prisoner had filed a lawsuit.

### 3. Conspiracy

23  The FAC's final cause of action, under 42 U.S.C. § 1985(2), alleges that the Correctional

24  Officer Defendants engaged in a "Conspiracy to Obstruct Justice and Deprive Persons of Equal

25  Protection of Law."  FAC, above ¶ 52.

26  "Section 1985(2) has two separate parts."  Bagley v. CMC Real Estate Corp., 923 F.2d

27  758, 763 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992).  "The first part of the subsection

28

1    addresses conspiracies 'which deter by force, intimidation, or threat a party or witness in federal

2    court.'" Id. (internal citations omitted).  "The second part of the subsection creates a federal right

3    of action for damages against conspiracies which obstruct the due course of justice in any State or

4    Territory with intent to deny equal protection." Id.

5         To bring a claim under Section 1985(2)'s second part, a plaintiff must allege "class-based,

6    invidiously discriminatory animus." Id.  The FAC does not contain facts from which it can

7    plausibly be inferred that Defendants acted on the basis of class-based animus.  In Plaintiff's

8    opposition brief, he does not defend the viability of any equal-protection-based claim, and he

9    appears to characterize his claim as arising solely under Section 1985(2)'s first part.  Opp., at

10   8:24-9:10.

11        If construed as a claim under Section 1985(2)'s first part, the complaint alleges sufficient

12   facts to state a claim.  Defendants all took adverse actions against Plaintiff during the same basic

13   time period, and for essentially the same reasons discussed at II-B-2, *supra*, it is not implausible

14   that those defendants could have done so after conspiring together to punish Plaintiff for bringing

15   a suit as a party in federal court.

16        As above, Defendants' qualified immunity does not entitle them to dismissal.  Plaintiff's

17   rights under Section 1985(2) are clearly established.  Every reasonable official would

18   understanding that conspiring with others to punish Plaintiff for filing a lawsuit would violate

19   Plaintiff's rights.

20        **C.    Leave to Amend**

21        The Court will grant leave for Plaintiff to allege additional facts in support of his first

22   cause of action against Defendants Ogle and Moreno.  However, the Court will not grant Plaintiff

23   leave to amend the complaint to pursue his third cause of action on an equal protection theory.

24        In deciding whether to grant leave to amend, a court considers the factors of: "(1) bad faith,

25   (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether

26   plaintiff has previously amended its complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866

27   F.2d 1149, 1160 (9th Cir. 1989).  The fourth and fifth factors can be dispositive on their own.

28

United States District Court
Northern District of California

10

1   <u>Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v.</u>

2   <u>United States</u>, 90 F.3d 351, 355-56 (9th Cir. 1996).  "The district court's discretion to deny leave

3   to amend is particularly broad where plaintiff has previously amended the complaint."  <u>Ascon</u>, 866

4   F. 2d at 1160.

5        In its first screening order dismissing the complaint and granting leave to amend, the Court

6   specifically identified the exact same deficiency in Plaintiff's Section 1985 claim that it identified

7   *supra*: the lack of any allegations of class-based animus.  <u>See</u> ECF No. 15, at 3:15-20.  "[A]

8   district court does not 'abuse its discretion in denying a motion to amend a complaint . . . when the

9   movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation

10  for his failure to fully develop his contentions originally.'"  <u>Allen v. City of Beverly Hills</u>, 911

11  F.2d 367, 374 (9th Cir. 1990) (quoting <u>Vincent v. Trend Western Technical Corp.</u>, 828 F.2d 563,

12  570–71 (9th Cir.1987)).  Plaintiff, who is represented by counsel, did nothing to remedy this issue

13  in the FAC, and even in his opposition to this motion to dismiss makes no argument that he has a

14  viable claim premised on the second clause of Section 1985(2).  At this point, providing additional

15  opportunities to amend would be futile.

16  **III.    CONCLUSION**

17       For the foregoing reasons, Defendants' motion is GRANTED IN PART and DENIED IN

18  PART.  Plaintiff's first cause of action for deliberate indifference to medical necessity is

19  DISMISSED WITHOUT PREJUDICE insofar as it is asserted against Defendants Ogle and

20  Moreno.  Plaintiff's third cause of action is DISMISSED WITH PREJUDICE insofar as it claims

21  that Defendants conspired to violate Plaintiff's right of equal protection.

22       If Plaintiff wishes to amend the complaint to allege additional facts sufficient to support

23  the first cause of action against Defendants Ogle and Moreno, he is ORDERED to file any

24  / / /

25  / / /

26  / / /

27  / / /

28

amended complaint within twenty-one days of the date of this order.  Otherwise, all dismissed claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:  October 28, 2013

_____
JON S. TIGAR
United States District Judge